# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                              CASE NO. 22- 40043-HLT-RES

**BLAINE SCHURLE,**

        **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all material times:

1. Farm Services Agency ("FSA"), a division of the United States Department of Agriculture ("USDA"), administers the government's farm loan program and is responsible for approving, collecting, servicing, and liquidating these loans. The basic objective of the FSA loan program is to provide credit and management assistance to farmers and ranchers.

1

2. All individuals receiving an FSA loan must sign an Agreement for the Use of Proceeds/Release of Chattel Security, agreeing that property identified in the Security Agreement is collateral in which FSA has a security interest. The Security Agreement also gives FSA a security interest in any collateral acquired after the borrower acquired the loan. The borrower also must have FSA approval prior to disposing in any manner collateral in which FSA has an interest.

3. The defendant, BLAINE SCHURLE, was a resident of Clay Center, Kansas, and operated Double S Cattle Co., LLC. Between December 24, 2014, and January 14, 2016, the defendant applied for FSA loans in the total amount of $294,500.00 for the purpose of purchasing cattle and equipment. The defendant signed the Agreement for the Use of Proceeds/Release of Chattel Security and the Security Agreement acknowledging that the cattle and equipment he purchased with the loan proceeds were collateral in which FSA had a security interest.

4. Between April 2016, and April 2022, the defendant sold and otherwise disposed of over 400 head of cattle valued at over $400,000.00, without authorization from FSA. To avoid notice to FSA and without FSA's knowledge and consent, the defendant sold and disposed of cattle using the names of his brother, his mother, other associates, and Double S Cattle.

## COUNT 1

**CRIMINAL CONVERSION**
**[18 U.S.C. § 658]**

5. Paragraphs 1 through 4 are incorporated herein by reference as though fully restated.

6. From on or about April 5, 2016, and continuing to on or about April 28, 2022, in the District of Kansas, the defendant,

**BLAINE SCHURLE,**

with intent to defraud, knowingly sold, removed, disposed of, and converted to his own use, collateral pledged by the defendant to the United States Department of Agriculture (USDA) Farm Service Agency (FSA), namely, over 400 head of cattle with a value exceeding $1,000.00, to secure FSA loans totaling approximately $294,500.00, issued to the defendant.

In violation of Title 18, United States Code, Sections 658 and 2.

## COUNT 2

**FORGERY OF UNITED STATES OBLIGATIONS OR SECURITIES**
**[18 U.S.C. § 471]**

7. Paragraphs 1 through 6 are incorporated herein by reference as though fully restated.

8. On January 3, 2018, FSA sent out an annual notification to all livestock sale barns in the defendant's area, advising that FSA had a security interest in any livestock sold by the defendant. The notice further instructed the sale barns that any payments for the defendant's livestock should be made out to both the defendant and

3

FSA.

9. On February 6, 2018, the defendant attempted to deposit into his Citizens State Bank account a check issued in the name of the defendant and FSA in the amount of $13,452.48. The FSA did not endorse the check.

10. On or about February 6, 2018, in the District of Kansas, the defendant,

**BLAINE SCHURLE,**

with the intent to defraud, falsely made, forged, counterfeited, or altered, and attempted to do so, an obligation and other security of the United States as defined in Title 18, United States Code, Section 8, namely, check number 61686, drawn on Commerce Bank account ending in 4990, issued by Manhattan Commission Co., Inc. in the amount of $13,452.48 payable to "Schurle, Blaine and Washington Co FSA."

In violation of Title 18, United States Code, Sections 471 and 2.

## COUNT 3

**FALSE STATEMENT TO A FEDERALLY INSURED BANK**
**[18 U.S.C. § 1014]**

11. Paragraphs 1 through 10 are incorporated herein by reference as though fully restated.

12. Union State Bank was a federally insured financial institution as defined in Title 18, United States Code, Section 20.

13. In May 2020, Union State Bank funded a loan to the defendant in the amount of $45,450.00 for the purchase of 35 head of cattle and a vehicle. As part of the loan process, the defendant failed to disclose to Union State Bank the prior debt

obligations to FSA.

14. On or about May 10, 2020, in the District of Kansas, the defendant,

**BLAINE SCHURLE,**

knowingly made a false statement for the purpose of influencing the action of Union State Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with a loan application, by falsely omitting that he had outstanding loan obligations to the Farmers Service Agency (FSA).

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE NOTICE

15. The allegations contained in Counts 1 – 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461.

16. Upon conviction of one or more of the offenses set forth in Counts 1 - 3 of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    A. Money Judgment – A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1 - 3;

17. If any of the property described above, as a result of any act or omission of the defendant:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                            A TRUE BILL.

<u>July 20, 2022</u>                  <u> s/Foreperson                  </u>
DATE                                FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Christine E. Kenney
CHRISTINE E. KENNEY
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: Christine.kenney@usdoj.gov
Ks. S. Ct. No. 13542

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

### Count 1 [Conversion]

- Punishable by a term of imprisonment of not more than five (5) years. 18 U.S.C. § 658.

- A term of supervised release of at not more than three (3) years. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

### Count 2 [Forgery of United States Obligations or Securities]

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 471.

- A term of supervised release of at not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

### Count 3 [False Statement to Federally Insured Bank]

- Punishable by a term of imprisonment of not more than thirty (30) years. 18 U.S.C. § 1014.

- A term of supervised release of at not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000. 18 U.S.C. § 3571(b)(3).

### ALL COUNTS:

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Restitution and Forfeiture.